Hart L. Robinovich, AZ Bar No. 020910
ZIMMERMAN REED, PLLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
(480) 348-6400
(480) 348-6415 Facsimile
Email: Hart.Robinovitch@zimmreed.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANNE BOSCH<br><br>            Plaintiff,<br><br>v.<br><br>BCD TRAVEL USA, LLC,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)** |

Dianne Bosch (hereinafter "Plaintiff"), by her attorneys Zimmerman Reed, PLLP, alleges upon personal knowledge, and upon information and belief as to other matters, as follows:

1. Plaintiff is a former employee of Defendant BCD Travel USA, LLC, (hereinafter "BCD Travel"). BCD Travel did not pay Plaintiff for the time she worked at the beginning and end of her scheduled shifts, and the time spent working during unpaid rest and meal breaks. These activities were necessary and indispensable to the principal work of Plaintiff.

2. Plaintiff worked for BCD Travel in Phoenix, Arizona as a Senior Travel Consultant handling customer inquiries regarding various BCD Travel programs and services.

3. This is an action alleging failure to pay all wages due, in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"). Plaintiff seeks to recover unpaid wages and overtime compensation on behalf of herself.

1

## SUMMARY OF CLAIMS

4. Due to BCD Travel's widespread violations of the FLSA, Plaintiff is entitled to recover: (i) payment of overtime wages at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek; (ii) unpaid overtime compensation due to BCD Travel's failure to include all compensation in calculating the regular rate for overtime premium pay; (iii) liquidated damages; (iv) prejudgment interest; and (v) attorneys' fees and costs, pursuant to 29 U.S.C. §201 *et seq*.

## JURISDICTION AND VENUE

5. Jurisdiction over Plaintiff's claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b); 29 U.S.C. §§1331 and 1337.

6. Venue herein is proper under 28 U.S.C. §§1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims accrued in the State of Arizona and BCD Travels' contacts within this District are sufficient and substantial.

7. The District of Arizona has personal jurisdiction over BCD Travel because BCD Travel (a) does business in Arizona; (b) operates a call center in Arizona; (c) employs hundreds of workers in Arizona; and, (d) because all or a substantial part of the events or omissions giving rise to the claims accrued in the State of Arizona and within the district where BCD Travel transacts business.

## THE PARTIES

8. Plaintiff Dianne Bosch, at all material times, was an adult individual residing in Phoenix, Arizona.

9. Plaintiff was employed by BCD Travel from approximately February 2011 through March 2012.

10. During her employment with BCD Travel, Plaintiff worked in her home located in Phoenix, Arizona.

11. Plaintiff, within three years of this Complaint, was a non-exempt employee of BCD Travel within the meaning of the FLSA, 29 U.S.C. §§203(e) and (g).

12. BCD Travel USA, LLC is a limited liability company organized and existing under the laws of the state of Georgia with its primary place of business and corporate headquarters located at Six Concourse Parkway NE, Suite 2400, Atlanta, Georgia 30328.  Additionally, upon information and belief, BCD Travel USA, LLC's members all reside in Georgia, and are thus citizens of Georgia.  BCD Travel does not maintain a principal local office in Arizona, but has designated as its agent, CT Corporation System, located at 2390 E. Camelback Road, Phoenix, Arizona 85016. BCD Travel is a subsidiary of BCD Holdings N.V.  BCD Travel is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce. 29 U.S.C. §207(a)(1).

13. Upon information and belief, in addition to the call centers in Phoenix, Arizona, BCD Travel operates call centers, and allows employees to work from their homes, throughout the United States.

14. Upon information and belief, BCD Travel was the "employer" of Plaintiff as that term is defined by the federal laws pled herein.  *See* 29 U.S.C. §203(d).

15. Upon information and belief, Plaintiff was an "employee" of BCD Travel as that term is defined by the federal laws pled herein.  *See* 29 U.S.C. §203(e).

16. Upon information and belief and at all times relevant hereto, BCD Travel was aware of the applicable federal laws and regulations governing wages and overtime compensation.

**FACTUAL ALLEGATIONS**

17. Plaintiff was not paid for all of the hours that she worked as a Senior Travel Consultant, including overtime compensation due for all hours worked above and beyond forty hours in a single work week.

18. As described more fully below, Plaintiff was required by BCD Travel to perform work-related duties off the clock.  Plaintiff, however, was not compensated for

3

work duties performed before and after each scheduled shift and during unpaid rest and meal breaks. Accordingly, Plaintiff has not been paid for all hours actually worked.

19. Before each shift, Plaintiff spent approximately 15 – 20 minutes engaging in work activities such as booting up and logging on to her computer, and logging on to multiple computer and phone programs. Plaintiff's manager required her to perform these activities and told Plaintiff that she had to complete them before she took her first call. If Plaintiff did not complete these activities before responding to customer calls, Plaintiff would be reprimanded. These activities began the continuous workday and were necessary and indispensable to Plaintiff's principal work and were performed for the benefit of BCD Travel. Plaintiff was not compensated for these activities.

20. Plaintiff spent approximately 15 – 30 minutes at the end of each shift engaging in work activities. These activities included, but are not limited to, shutting down and logging off of her computer, and logging out of multiple computer and phone programs. In addition, Plaintiff was required by BCD Travel to finish all paperwork, including correspondence to customers, and any other tasks which were necessary and indispensible to Plaintiff's principal work, before shutting down and logging off her computer. All of these activities are included within the continuous workday and were performed for BCD Travel's benefit. Plaintiff was not compensated for these activities.

21. Finally, Plaintiff was required to stay on a telephone call with a customer until the call was complete. If the call continued into the time allotted for Plaintiff's rest or meal breaks or shift end, Plaintiff was required to continue servicing the call, without compensation. This work activity is part of the continuous workday. On average, Plaintiff spent approximately 20 – 30 minutes each day servicing phone calls which continued into her scheduled rest or meal breaks or the end of her shift.

22. At all relevant times BCD Travel's time-keeping program automatically deducted thirty (30) minutes for lunch each day regardless of whether Plaintiff performed work during that time.

23. Plaintiff was subject to BCD Travel's policies and practices of failing to accurately record and compensate its employees for any and all overtime worked. At all relevant times, BCD Travel had the ability to accurately record the actual time Plaintiff spent working. BCD Travel monitored and recorded the amount of time Plaintiff spent working by noting the amount of time Plaintiff was logged on to her computer. BCD Travel management also monitored Plaintiff's activity while she was working by having a manager take note of the calls Plaintiff received and the work Plaintiff conducted. There are no administrative burdens associated with recording Plaintiff's actual work time. Nevertheless, Plaintiff was only paid according to her scheduled shift times. Accordingly, Plaintiffs' damages will be calculated with respect to the burden-shifting analysis of *Anderson v. Mt. Clemens Pottery,* 380 U.S. 680 (1946).

24. BCD Travel's failure to pay Plaintiff the proper wages for all hours worked, as set forth in the preceding paragraphs, occurred on a daily basis. These violations were continuous, knowing and willful.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act - Unpaid Overtime Compensation

25. Plaintiff realleges and incorporates by reference all allegations in paragraphs 1 - 24.

26. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

27. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§203(e) and 207(a) in that she was engaged in commerce and or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a) and was employed by BCD Travel.

28. BCD Travel was and is an employer subject to the overtime wage provisions of §201 *et seq.* of the FLSA.

29. BCD Travel has violated the FLSA by failing to pay Plaintiff overtime wages at the statutorily required rate because it has failed to include all compensation, inclusive of incentive pay, into the regular rate of pay for all hours worked in excess of forty (40) in one workweek, to which she was entitled under 29 U.S.C. §207(e).

30. BCD Travel's violations of the FLSA, as described in this Complaint have been willful and intentional. BCD Travel has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

31. Plaintiff is entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. BCD Travel's failure to pay overtime to Plaintiff was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. §255(a), because BCD Travel did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. §260. Accordingly, Plaintiff is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that BCD Travel did not act willfully in failing to pay overtime pay; Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate. Reasonable attorneys' fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

32. Pursuant to 29 U.S.C. § 216(b), Plaintiff herein alleges that she is entitled to unpaid wages and overtime premiums from BCD Travel for work performed and which was not paid, as required by law, and entitled to liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201, *et seq*.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Miscalculation of Overtime Premiums

33. Plaintiff realizes and incorporates by reference all allegations in paragraphs 1 – 32.

34. BCD Travel has violated the FLSA, as detailed in this Complaint.

35. The Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

36. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

37. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§203(e) and 207(a) in that she was engaged in commerce and or the production of goods within the meaning of 29 U.S.C. §§206(a) and 207(a) and was employed by BCD Travel.

38. The overtime wage provisions set forth in §201 *et seq.* of the FLSA applies to BCD Travel.

39. BCD Travel has failed to pay Plaintiff the overtime compensation at the statutorily required rate because it has failed to include all hours worked in calculating the amount of compensation due, in violation of 29 U.S.C. §207(a)(1).

40. BCD Travel's violations of the FLSA, as described in this Complaint, have been willful and intentional. BCD Travel has not made a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff.

41. Because BCD Travel's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

42. As a result of BCD Travel's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime compensation at the required rate in accordance with 29 U.S.C. §201 *et seq.*

43. As a result of BCD Travel's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Dianne Bosch respectfully requests that this Court grant the following relief:

a. An award of unpaid compensation due under the FLSA;

b. An award of unpaid overtime compensation due under the FLSA;

c. An award of liquidated and/or punitive damages as a result of BCD Travel's willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

d. An award of prejudgment and post-judgment interest;

e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

f. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

ZIMMERMAN REED, P.L.L.P.

Dated: September 5, 2012

*/s/ Hart L. Robinovitch*
Hart L. Robinovitch
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254
(480) 348-6400
(480) 348-6415 Facsimile
Email: Hart.Robinovitch@zimmreed.com

***Attorney for Plaintiff***

*Of Counsel*:

Aditya Bharadwaj, MN Bar No. 0392092
ZIMMERMAN REED PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN  55402
(612) 341-0400
(612) 341-0844 Facsimile
Adi.Bharadwaj@zimmreed.com