# EXHIBIT A

## SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Diane Bosch (hereinafter sometimes referred to as "Employee" or "Bosch") and BCD Travel USA, LLC (hereinafter sometimes referred to as "BCD" or "Company").

RECITALS:

WHEREAS, Bosch was employed by BCD;

WHEREAS, Bosch's employment with BCD ended;

WHEREAS, Bosch has claimed in a lawsuit in the United States District Court for the District of Arizona, Case No. 2:12-CV-01875-SLG, entitled *Dianne Bosch v. BCD Travel USA, LLC*, (the "Lawsuit") that BCD failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), in addition to any other conduct that she contends was not lawful;

WHEREAS, BCD denies any and all allegations that it violated the FLSA or comparable state law, denied Bosch any earned wages, or otherwise acted unlawfully with respect to any aspect of Bosch's employment or separation from employment; and

WHEREAS, Bosch and BCD desire to settle fully and finally all differences between them;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the value of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

FIRST:     (a)     As used in this Agreement, the term "Releasees" shall include the Company and each of its successors, assigns, heirs, agents, directors, board members, officers, employees, former employees, insurers and re-insurers, independent contractors, consultants, employee benefit plans and trusts, representatives, attorneys, parent or subsidiary entities, acquiring or acquired entities, related entities (and agents, directors, officers, employees, representatives and attorneys of such related entities), and all persons acting by, through, under or in concert with any of them and all other related persons, firms and corporations.

(b)     This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of Employee or any person, violation of any order, law, statute, duty, or contract whatsoever against Employee or any person. Company specifically disclaims any liability to Employee or any other person for any alleged violation of the rights of Employee or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Releasees.

SECOND:     (a)     As consideration for this Agreement, the parties agree that the Company will pay a total of Eight Thousand Dollars ($8,000.00) (the "Settlement Sum"), less lawful deductions, allocated as follows:

Page 1 of 6

Dianne Bosch *[signature]*
BCD Travel USA LLC *[signature]*

1. One Thousand and Five Hundred Dollars and 00/100 Cents ($1,500.00), less lawful deductions, shall be made payable to Dianne Bosch, for which an I.R.S. form W-2 shall be issued;

2. Five Hundred Dollars and 00/100 Cents ($500.00) shall be made payable as non-wage-based damages to Dianne Bosch, for which an I.R.S. form 1099 shall be issued; and

3. Six Thousand Dollars and 00/100 Cents ($6,000.00) shall be made payable to Zimmerman Reed, PLLP, counsel for Dianne Bosch, as all recoverable attorneys' fees and costs for which an I.R.S. form 1099 shall be issued. Bosch specifically authorizes this direct payment to Zimmerman Reed.

This Settlement Sum shall not become due or payable until after: (1) Bosch returns this Agreement appropriately signed and dated; (2) the expiration of the seven (7) calendar day revocation period without Bosch providing notice of revocation of the Agreement as discussed in Paragraph SEVENTH (g); (3) fully executed tax forms for all individuals/entities receiving checks; and (4) a joint motion for approval of settlement agreement and stipulation of dismissal with prejudice of the Lawsuit in its entirety. As consideration, Bosch hereby releases all existing claims against Releasees, as specified in Paragraphs FIFTH and SIXTH.

(b) Employee is hereby advised that some or all of the Settlement Sum may be considered taxable income. The Company makes no representation regarding the tax consequences or liability arising from the Settlement Sum. Employee understands and agrees that any and all tax liability that may be due or become due because of the payment of the Settlement Sum is her sole responsibility. Employee is hereby advised that she should consult a tax expert with any relevant tax questions. Employee agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this Agreement. Employee further agrees to indemnify, defend and hold Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against Releasees for any alleged unpaid taxes that Employee should have paid in any way related to the Settlement Sum paid under this agreement, including any amounts paid by Releasees as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise in any way related to the Settlement Sum paid under this Agreement.

(c) Employee agrees that the foregoing payments shall constitute the entire amount of consideration provided to her under this Agreement and that she will not seek any further compensation, monetary or otherwise, for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement. Employee understands and agrees that she would not receive the monies and/or benefits specified in this paragraph but for her execution of this Agreement and fulfillment of the promises contained herein.

(d) Employee further represents and affirms that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this Agreement. **Employee specifically acknowledges that she has claimed a number of hours of overtime worked during the statute of limitations period and that the Settlement Sum set forth in Paragraph SECOND of this Agreement (less applicable taxes and deductions) accurately represents payment in full for all hours she alleges she worked plus liquidated**

Page 2 of 6

Dianne Bosch *[initials]*
BCD Travel USA LLC *[initials]*

damages. The Parties agree and affirmatively state that this Agreement represents a fair and reasonable resolution of a *bona fide* dispute.

THIRD: Employee represents that she has not filed any complaints (other than the Lawsuit and prior unemployment proceedings), claims, charges, appeals, or actions against Releasees with any state, federal, or local agency or court and that she will not do so at any time hereafter, individually or as a representative, based on any event, act or omission, occurring up to the date of Bosch's execution of this Agreement. However, nothing in this Agreement shall be construed to prohibit Employee from cooperating with or participating in any investigation by a governmental agency, or from filing a non-waivable charge or claim with a governmental agency. With respect to any such non-waivable claims, Employee agrees she is waiving her right (if any) to any monetary or other recovery should any governmental agency or other third party pursue any claims on Employee's behalf, either individually, or as part of any collective action. Employee is hereby releasing and forever waiving any private right to sue, and any associated applicable remedies, which may be issued by any state or federal agency, based on any event, act or omission, occurring up to the date of Bosch's execution of this Agreement.

FOURTH: (a) Employee agrees to refrain from any publication, oral or written, of a defamatory, disparaging or otherwise derogatory nature pertaining to the Company or to Employee's employment relationship with the Company. As of September 5, 2013, Employee agrees to keep the terms of this Agreement confidential, and will not disclose its contents or any financial consideration contained herein, other than to her attorney(s), tax advisor, spouse, and except as necessary to obtain approval of this Agreement from the Court or as otherwise allowed or required by law. Employee may state that the "matter is resolved" or that the "case settled."

(b) Employee hereby agrees that she shall not seek reinstatement or apply for future employment with BCD. Employee agrees that any application for reinstatement or for future employment with BCD will be considered void from its inception, and may be summarily rejected by Releasees without explanation or liability.

FIFTH: (a) Employee irrevocably and unconditionally releases, acquits and forever discharges Releasees from any and all charges, complaints, claims, promises, agreements, controversies, liabilities, obligations, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney's fees and costs actually incurred), of any nature whatsoever, known, whether based on contract, statute or common law, or unknown which arise from any and all events occurring on or before the date of this Agreement and which are related to her employment, including without limitation, all claims arising from actions or inactions by any of the Releasees. **This Agreement does not apply to any claims that a court of competent jurisdiction determines are non-waivable.**

(b) Employee specifically acknowledges and agrees that by executing this Agreement she is fully releasing, dismissing, acquitting and forever discharging any claims against Releasees for disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA")(42 U.S.C. §§ 12101), any violation of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et. seq.)("Title VII"), the Equal Pay Act of 1963 (29 U.S.C. § 2006(d)), any claims under 42 U.S.C. Section 1981, claims under the Employee Retirement Income Security Act ("ERISA"), any claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Family and Medical Leave Act (29 U.S.C. § 2601, et. seq.)("FMLA"), the Arizona Employment Protection Act (A.R.S. § 23-501)("AEPA"), the Arizona Civil Rights Act (A.R.S. § 41-1461), the Arizona Minimum Wage

Page 3 of 6

Dianne Bosch *DB*
BCD Travel USA LLC

Act (A.R.S. § 23-362), the Arizona Equal Pay Act (A.R.S. § 23-341) and any other claims under any state law, statute or ordinance, including state equal opportunities for employment laws and fair employment and housing laws, any claims arising under the Fair Labor Standards Act (29 U.S.C. § 201, et. seq.)("FLSA") and any similar state statute, any wage, hour, tip or bonus claims arising under any federal, state or local law, any claim for retaliation, and any claims growing out of any legal restriction on Releasees' right to terminate or constructively terminate its employees including, but not limited to, contract, tort, public policy, whistle blowing or wrongful discharge, which arise from any and all events occurring on or before the date of this Agreement, including without limitation, all claims arising from actions or inactions by any of the Releasees. All such claims (including related attorneys' fees and costs) are forever barred by this Agreement.

       (c)    Employee understands that there may hereafter be a discovery of claims or facts related to her employment at the Company in addition to those currently known or believed to be true; nevertheless, and for the purpose of implementing a full and complete release and discharge of each and all of the Releasees, Employee expressly acknowledges that this Agreement is intended to include and does include in its effect, without limitation, all claims which Employee does not know or suspect to exist in her favor and that have accrued at the time she signs this Agreement, based upon events or omissions occurring on or before the date she signs this Agreement and which are related to her employment at the Company, and that this settlement expressly contemplates the extinguishment of all such known or unknown claims against all known and unknown tortfeasors, people, companies or any other legal entity.

SIXTH:    Employee understands the word "claims" to include all actions, claims, and grievances, whether actual or potential, known or unknown, arising out of Employee's employment with or separation from Company, based upon events or omissions occurring on or before the date she signs this Agreement. Employee does not release claims that are unrelated to her employment with or separation from the Company.

SEVENTH:    Employee understands and agrees that she:

    (a)    Has carefully read and fully understands all of the provisions of this Agreement.

    (b)    Is, through this Agreement, releasing Releasees from any and all claims she may have against Releasees.

    (c)    Is knowingly and voluntarily agreeing to all of the terms set forth in this Agreement.

    (d)    Knowingly and voluntarily intends to be legally bound by the same. This Agreement has been entered into voluntarily and not as a result of coercion, duress, or undue influence.

    (e)    Was advised and hereby is advised in writing to consider the terms of this Agreement and to consult with her attorney prior to executing this Agreement. Employee understands and agrees that the terms of this Agreement were determined after negotiation between her counsel and counsel for the Company and as such, should not be strictly construed for or against any party.

Dianne Bosch _DB_
BCD Travel USA LLC ___

(f) Understands that rights or claims under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, et seq.) that may arise after the date this Agreement is executed are not waived.

(g) **Employee also understands that she has up to twenty-one (21) full days to consider whether to sign this Agreement and release. Any changes to this Agreement, whether they are material or immaterial, do not restart the 21-day period. By signing on any date prior to the expiration of the 21-day period, Employee voluntarily elects to forego waiting 21 full days to sign the Agreement and release. Employee and Company acknowledge and agree that for a period of seven (7) calendar days following her execution of this Agreement, Employee may revoke this Agreement, by providing legal counsel for Company with written notification of such revocation. Such notification must be received via hand delivery, facsimile, confirmed email delivery, or overnight express delivery to Greg Coulter, Littler Mendelson, P.C., 2425 E. Camelback Rd., Suite 900, Phoenix, Arizona, 85016.**

EIGHTH: This Agreement shall become binding and effective after expiration of the seventh (7th) calendar day after Employee signs this Agreement, assuming Employee has not revoked this Agreement as set forth in Paragraph SEVENTH (g). The settlement checks will be delivered to Bosch's counsel within ten (10) business days after this Agreement is executed, assuming it has not been revoked.

NINTH: This Agreement may be executed in counterparts, and each executed counterpart shall have the efficacy and validity of a signed original and with the same effect as if all parties hereto had signed the same document. All counterparts so executed shall be deemed to be an original, shall be construed together and shall constitute one agreement. Copies of such executed counterparts may be used in lieu of the original for any purpose.

TENTH: This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Employee expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

ELEVENTH: The laws of the state of Arizona shall govern this Agreement. The parties further understand and agree that, in any legal proceeding arising under this Agreement, venue shall be in Maricopa County, Arizona.

TWELFTH: This Agreement may not be altered, amended or modified, or otherwise changed in any respect whatsoever, except by a subsequent writing executed by authorized representatives of the parties.

THIRTEENTH: Employee represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representation or statement made by Releasees or by any of Releasees' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

Page 5 of 6

Dianne Bosch _____
BCD Travel USA LLC _____

FOURTEENTH: In the event that Employee or Company should violate any of the terms of this Agreement, unless otherwise provided herein, the breaching party shall be liable for and shall pay for any damages caused to the non-breaching party, including but not limited to any actual damages, costs or attorneys' fees in seeking to enforce this Agreement.

FIFTEENTH: Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

SIXTEENTH: The waiver by either party of any term, condition or provision of this Agreement shall not be construed as a waiver of any other or subsequent term, condition or provision.

SEVENTEENTH: This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior or contemporaneous agreements or understandings, written or oral, between the parties pertaining to the subject matter hereof.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS, BOSCH FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

Dated: 9/18/2013    By: _____
                          Dianne Bosch

Dated: Sept. 20, 2013    By: _____
                               BCD Travel USA, LLC   Deborah Elbaum
                                                     Vice President and
                                                     Corporate Counsel

Firmwide:123020120.1 024077.1024

Page 6 of 6

Dianne Bosch _____
BCD Travel USA LLC _____